Neva KINSLEY, Appellant
(Defendant below),

v.

Carolyn McGARY and LaShawn McGary, minors, by and through their next friend, Thelma Perkins, Appellees (Plaintiffs below).

No. 3202.

Supreme Court of Wyoming.

March 17, 1964.

Ross D. Copenhaver, Powell, for appellant.

Jones & Fillerup, Melvin M. Fillerup, Cody, for appellees.

Before PARKER, C. J., and HARNSBERGER, GRAY and McINTYRE, JJ.

Mr. Justice HARNSBERGER delivered the opinion of the court.

Alleging defendant's gross negligence in operating an automobile in which the plaintiffs were riding as the cause of an accident in which plaintiffs were injured, they sought damages from defendant. The jury awarded plaintiffs money damages, and, judgment being entered accordingly, defendant appeals claiming the evidence was insufficient to sustain the verdict.

■ Appellant admits the correctness of the often repeated rule of this court that the appellate court must assume that the evidence in favor of the successful party is true, leave out of consideration entirely the evidence of the unsuccessful party in conflict therewith, and give to the evidence of the successful party every favorable inference which may be reasonably and fairly drawn from it. Jacoby v. Town of City of Gillette, 62 Wyo. 487, 174 P.2d 505, 506, 177 P.2d 204, 169 A.L.R. 502. However, she urges that upon the strength of Montgomery Ward & Co. v. Arbogast, 53 Wyo. 275, 81 P.2d 885; Steadman v. Topham, 80 Wyo. 63, 338 P.2d 820; and Masek v. Ostlund, Wyo., 358 P.2d 100, this court analyze the evidence in the light of reason and human experience, giving consideration to the motives and propensities which tend to prompt human action. In so doing she overemphasizes the importance of the limitation as it applies to the facts in this case and in effect seeks to have this court make its own evaluation of the evidence as a basis for a remand for new trial rather than a review of the sufficiency and substantial quality of the evidence which was presented to the jury.

■ If this court's analysis of the evidence should result in finding there was no substantial evidence submitted to the jury of defendant's gross negligence or that there was insufficient evidence to sustain its verdict, then the judgment is erroneous and it should be set aside with direction that judgment be entered for defendant. There would be no justice in giving plaintiffs a second chance to establish their claims in another trial, if they have failed to meet their burden of proof in their first effort. On the other hand, if reasonable minds could have reached the jury's conclusion from the evidence placed before it, then this court must honor that determination and affirm the judgment.

Hamilton Drilling Company v. Tomlin Transportation Company, Wyo., 365 P.2d 52, cited as supporting appellant's thesis, is not helpful because in that case there was an absence of evidence showing negligence on the part of defendant.

Brasel and Sims Construction Co. v. Neuman Transit Co., Wyo., 378 P.2d 501, another case cited, may at first blush seem to indicate this court elected to choose between conflicting evidence and contrary to the jury's determination of facts. However, a careful appraisal of the opinion discloses that, although plaintiff had carefully driven the truck portion of his vehicle upon the center of the road, there was undisputed evidence that he allowed the trailer portion of the vehicle to come on to the soft shoulder of the road which caved in and this negligence of the vehicle driver caused the accident.

Appellant does not point out wherein there was deficiency in the evidence tending to show defendant's gross negligence, or why it was not substantial, but leaves it to this court to examine the entire record to ascertain if there were particular testimonies which bore upon acts or circumstances from which defendant's gross negligence was shown or could have been justly inferred. Appellant does not mention a single instance where such evidence is claimed to fall short of being substantial or to be lacking in sufficiency, nor are the rea-

sonable inferences properly to be drawn from such evidence discussed or criticized.

 In our own search of the record we find defendant driving so fast on a graveled road that she could not come to the stop required by a sign posted at an intersection with the highway but that defendant's car slid across the road into a ditch and then came back onto the intersecting highway; that an occupant of the car observed that had they been in a heavier make car they would have rolled; that the passengers were scared; that the car never lost speed even on a narrow road; that they were going so fast they could not pull back in front of another car after passing it; that they were driving over 70; that the passengers were all discussing about going fast and scaring one of the plaintiffs; that one plaintiff said to defendant, "Kinsley, you are going to kill us," and, responding, defendant "turned her head, looked back and said, 'Probably,' " and then the wreck occurred. Under these circumstances it would seem unnecessary to further amplify evidence which indicated defendant's gross negligence in recklessly driving in a manner completely in disregard of the safety of the plaintiff-passengers.

Appellant next says the court erred in refusing to give an instruction offered by defendant because the jury was not clearly instructed that appellees must prove by a preponderance of the evidence that the appellant was grossly negligent and that such gross negligence was the proximate cause of the alleged injuries of the appellees. As the court gave the jury other specific, proper, clear, and adequate instructions that plaintiffs must prove by a preponderance of the evidence that the defendant was grossly negligent and fully explained the legal meaning of the words preponderance of the evidence, gross negligence, and proximate cause, the requested instruction was properly refused.

Appellant then complains the court improperly refused an instruction offered by the defendant to show that a witness' statement which had been partially read in court should be considered in deciding the weight to be given her testimony and not as substantive evidence of fact. The court correctly instructed the jury regarding credibility of witnesses and the considerations bearing upon the weight to be given testimonies of witnesses. It would have been wrong to single out a certain witness and specially instruct regarding the weight to be given that witness' testimony.

Finding no error was committed in the trial, the judgment is affirmed.

Affirmed.